# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| National City Bank of Midwest | Case No. 1:06-cv-00607 |
| Plaintiff | District Judge Christopher A. Boyko |
| vs. | |
| Robert G. McCoy, et al. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on the motion of Plaintiff National City Bank of Midwest's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Robert G. McCoy as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Robert G. McCoy and
    b. Unknown Spouse, if any, of Robert G. McCoy;
    c. Lawrence A. McCoy;
    d. Unknown Spouse, if any, of Lawrence A. McCoy;

2. The Clerk's Entry of Default was filed herein on May 23, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Robert G. McCoy, upon the

G:\Cases - TM\06-03737\proposed order mdj-061208-KW.WPD

subject Note, the principal balance of $96,934.64, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 8 percent per annum from November 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Lakewood, County of Cuyahoga and State of Ohio, and known as being Sublot No. 112 in the Cleveland Trust Company's Richland Heights Subdivision of part of Original Rockport Township Section No. 19, as shown by the recorded plat in Volume 57 of Maps, page 30 of Cuyahoga County Records, and being 40 feet front on the Westerly side of Richland Avenue, and extending back of equal width 127.5 feet, as appears by said plat, be the same more or less, but subject to all legal highways.
>
> Parcel Number: 314-24-114
>
> Commonly known as: 2034 Richland Avenue, Lakewood, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on August 25, 2003, and recorded as Instrument Number 200308250305 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on March 21, 2006 as Instrument Number 200603210071 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE ORDERED**, that unless the sums hereinabove found to be due to Plaintiff National City Bank of Midwest, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law,

G:\Cases - TM\06-03737\proposed order mdj-061208-KW.WPD

after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff National City Bank of Midwest, the sum of $96,934.64, with interest at the rate of 8 percent per annum from November 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs

G:\Cases - TM\06-03737\proposed order mdj-061208-KW.WPD

due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

There is no just reason for delay in entering Judgment as aforesaid.

**IT IS SO ORDERED.**

DATE: 12/20/06

*Christopher A. Boyko*
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE